IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>PITTSBURG POLICE DEPT, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-5558 CW (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK OF COURT TO PROVIDE PLAINTIFF WITH CIVIL RIGHTS COMPLAINT FORM |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Martinez Detention Facility (MDF), filed the instant pro se civil action which he has titled as a "Complaint/Information/Tort Action." Docket no. 15. He seeks injunctive relief and damages from state officials involved in his arrest, parole revocation and criminal prosecution, and from staff at the MDF. He also has filed a request for removal of his state criminal prosecution to federal court. Docket no. 19. He has been granted leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

For the reasons discussed below, Plaintiff's complaint will be dismissed with leave to amend.

DISCUSSION

I.   Arrest, Parole Revocation and Criminal Prosecution Claims

Plaintiff seeks injunctive relief and monetary damages from state officials involved in his arrest, parole revocation and criminal prosecution.  It appears from the allegations in the complaint that Plaintiff's criminal proceedings are ongoing.

Heck v. Humphrey, 512 U.S. 477 (1994), holds that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid.  Id. at 486-87.  If success in the § 1983 lawsuit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 lawsuit is barred, irrespective of whether the plaintiff seeks monetary damages or equitable relief.  Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Consequently, Plaintiff cannot seek injunctive relief or damages for alleged violations pertaining to his parole revocation or his conviction until those determinations have been set aside.  A complaint that is barred under Heck must be dismissed.  Heck, 512 U.S. at 487.

Additionally, if Plaintiff has not yet been convicted his claim for injunctive relief and damages pertaining to his conviction will not be barred under Heck, but the claim cannot go forward until criminal proceedings have concluded.  See Wallace v. Kato, 549 U.S. 384, 393 (2007).

2

Accordingly, Plaintiff's claims for injunctive relief and damages stemming from his arrest, parole revocation and criminal proceedings are DISMISSED without prejudice.

## II.  MDF Claims

Plaintiff alleges that while incarcerated at MDF he was involved in an altercation that resulted in his suffering a broken jaw, and that he received inadequate medical attention and care for that injury.  Plaintiff does not identify who caused the injury that resulted in the broken jaw or the surrounding circumstances, and also does not identify the individuals who denied him adequate medical care, the exact nature of their actions, and the injury Plaintiff suffered as a result.

The complaint is deficient under Rule 8(a) of the Federal Rules of Civil Procedure, which requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a).  See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct."  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation omitted).

Here, Plaintiff's claims fail to meet the requirements of Rule 8 because Plaintiff's conclusory allegations are not sufficient to

3

show that he is entitled to relief or to put a defendant on notice of the claims against him or her.

When Plaintiff's allegations are liberally construed, it appears that he may be attempting to state a claim for relief under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). As noted, however, Plaintiff has not provided sufficient facts for the Court to make a determination whether he has stated a cognizable claim for relief under § 1983.

Accordingly, Plaintiff's complaint is DISMISSED for failure to state a cognizable claim for relief. Plaintiff may file an amended complaint in which (1) he alleges sufficient facts for the Court to determine whether he states a claim for the violation of his constitutional rights, and (2) clearly names and links Defendants to the alleged injury or injuries for which the Defendants are alleged to be responsible.

III. Request for Removal

Plaintiff has filed a document titled "Notice for Stay of State Court Proceedings In Support of Notice of Removal." Docket no. 19. Therein, Plaintiff asks that his state criminal proceedings be removed to federal court. Such a request is not properly brought in a civil rights action. Rather, a state criminal defendant seeking to remove a criminal prosecution to federal court must comply with the procedural requirements of 28 U.S.C. § 1446, which include the filing of a verified petition for

4

removal with the federal district court in which the criminal prosecution is located, attached to which are copies of all pleadings in the criminal case. See id. at § 1446(a). Further, the removal petitioner must meet the legal requirements for removal. See Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975).

Accordingly, Plaintiff's request for removal is DENIED without prejudice. If Plaintiff has a good-faith belief that he can meet both the procedural and legal requirements for removing his state prosecution to federal court, he may file a separate action for removal under 28 U.S.C. § 1446.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims concerning his arrest, parole revocation and criminal prosecution are DISMISSED without prejudice.

2. Plaintiff's claims concerning his broken jaw and inadequate medical care at MDF are DISMISSED WITH LEAVE TO AMEND.

Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint in order to cure the deficiencies noted above with respect to these claims. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 10-5558 CW (PR), and the heading "AMENDED COMPLAINT."

If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.

3. Plaintiff's request for removal is DENIED without prejudice.

5

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

Dated: 10/7/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANDERSON et al,

    Plaintiff,

v.

PITTSBURG POLICE DEPARTMENT et al,

    Defendant.

Case Number: CV10-05558 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2011, I SERVED a true and correct copy(ies) of the attached and **CIVIL RIGHTS COMPLAINT FORM**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy J. Anderson
West County Detention Facility
5555 Giant Hwy
#V57236
Richmond, CA 94806

Dated: October 7, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk