IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANDERSON, | No. C 10-5558 CW (PR) |
| Plaintiff, | ORDER OF DISMISSAL; DENYING PENDING MOTIONS |
| v. | |
| PITTSBURG POLICE DEPT, et al., | (Docket nos. 20, 24) |
| Defendants. / | |

## INTRODUCTION

On December 17, 2010, Plaintiff, a state pretrial detainee incarcerated at the Martinez Detention Facility (MDF), filed this civil rights action, generally challenging the validity of his imprisonment and the conditions of his confinement. Thereafter, he moved to amend the allegations in his pleadings and, on May 24, 2011, filed a document captioned "Complaint/Information/Tort Action." Docket no. 15. Subsequently, he filed a pleading requesting removal of his state criminal prosecution to federal court.

On October 7, 2011, the Court reviewed Plaintiff's pleadings and dismissed without prejudice his claims for injunctive relief and damages pertaining to his ongoing criminal proceedings and his request to remove his state criminal proceedings to federal court. Docket no. 21.[1] Additionally, the Court dismissed, with leave to amend, Plaintiff's claims concerning the conditions of his confinement at MDF. On November 7, 2011, Plaintiff filed an amended complaint, which the Court now reviews under 28 U.S.C. § 1915A.

---

[1] Plaintiff's request for removal was filed as a separate action. See Anderson v. California, No. C 11-06292 CW (PR).

DISCUSSION

In the Order dismissing Plaintiff's MDF claims with leave to amend, the Court described Plaintiff's allegations as follows:

> Plaintiff alleges that while incarcerated at MDF he was involved in an altercation that resulted in his suffering a broken jaw, and that he received inadequate medical attention and care for that injury. Plaintiff does not identify who caused the injury that resulted in the broken jaw or the surrounding circumstances, and also does not identify the individuals who denied him adequate medical care, the exact nature of their actions, and the injury Plaintiff suffered as a result.

Order at 3:5-12.

Based on such allegations, the Court concluded that the complaint was deficient because it failed to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the Court explained that

> Plaintiff's claims fail to meet the requirements of Rule 8 because Plaintiff's conclusory allegations are not sufficient to show that he is entitled to relief or to put a defendant on notice of the claims against him or her.
>
> When Plaintiff's allegations are liberally construed, it appears that he may be attempting to state a claim for relief under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). As noted, however, Plaintiff has not provided sufficient facts for the Court to make a determination whether he has stated a cognizable claim for relief under § 1983.
>
> Accordingly, Plaintiff's complaint is DISMISSED for failure to state a cognizable claim for relief. Plaintiff may file an amended complaint in which (1) he alleges sufficient facts for the Court to determine whether he states a claim for the violation of his constitutional rights, and (2) clearly names and links Defendants to the alleged injury or injuries for which the Defendants are alleged to be responsible.

Id. at 3:27-4:19.

In his amended complaint, Plaintiff alleges that his jaw was broken when he was involved in an altercation with another inmate due to "negligence" of jail officials, and that he did not receive adequate immediate or subsequent care for his injury. Am. Compl. at 9:9-11:28. He further alleges that he was placed in a "dangerous and controlled environment" by jail officials who denied him access to his mail and humiliated him in front of other prisoners. Id. at 3:10-11, 8:18-9:8.

The amended complaint does not comply with the Court's instructions to Plaintiff that, in order to meet the requirements of Rule 8(e), he must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Instead, the amended complaint is replete with generalized statements and conclusory assertions about the actions that led to Plaintiff's alleged injuries. Additionally, like the original complaint, the amended complaint does not separate the allegations into distinct claims but rather combines many disparate claims and arguments, rendering it impossible to discern precisely what claims Plaintiff is asserting.

Moreover, Plaintiff has not complied with the Court's directive that he file an amended complaint that "clearly names and links Defendants to the alleged injury or injuries for which the Defendants are alleged to be responsible." Order at 4:17-19. Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right, that is, the defendant does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally

3

required to do, that causes the deprivation of which the plaintiff complains. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Consequently, a plaintiff's sweeping conclusory allegations will not suffice. Instead, the plaintiff must "set forth specific facts as to each individual defendant's" acts which deprived him of protected rights. Id. at 634.

Here, Plaintiff's amended complaint, like his original complaint, provides no information about the individuals directly responsible for causing injury to Plaintiff. Rather, Plaintiff reiterates the same speculative and conclusory allegations about certain jail officials who harbored animosity toward him and, in some unexplained way, were responsible for his injuries. In short, as with Plaintiff's original complaint, the allegations in the amended complaint are not sufficient to show that Plaintiff is entitled to relief under § 1983 or to put a defendant on notice of the claims against him or her.

Plaintiff has filed multiple pleadings in this case, the Court has explained the deficiencies from which his pleadings suffer and granted him leave to file an amended complaint, and he has filed an amended complaint that repeats the same deficiencies previously identified by the Court. Therefore, further leave to amend the complaint will not be granted and the present action will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is hereby DISMISSED without further leave to amend.

2. This action is DISMISSED without prejudice.

4

3. All pending motions are DENIED as moot.

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket nos. 20 and 24.

IT IS SO ORDERED.

Dated: 3/8/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE